# IN THE COURT OF APPEALS OF IOWA

No. 20-0284
Filed January 21, 2021

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**DANIELLE GRIMM,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Scott County, Tamra Roberts, Judge.


　　　　Danielle Grimm appeals her conviction for drug-related offenses.
**AFFIRMED.**


　　　　Lauren M. Phelps, Hudson, Florida, for appellant.

　　　　Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.


　　　　Considered by Mullins, P.J., and May and Schumacher, JJ.

**MAY, Judge.**

A jury convicted Danielle Grimm of drug-related offenses. On appeal, Grimm claims the district court erred in denying her motion to suppress. We affirm.

On September 19, 2018, officers executed a search warrant at Grimm's house in Dixon. An unsupervised three-year-old child greeted the officers. Because Grimm was sleeping, the child had the run of the house.

Through their search, the deputies found marijuana; marijuana concentrates; prescription pills (Vyvanse) in an unlabeled container; sandwich baggies; digital scales; approximately 100 items of drug paraphernalia (pipes, bongs, grinders, etc.); documentation of trips to Colorado to purchase marijuana, including receipts from Colorado dispensaries; and handwritten ledgers recording distribution of marijuana. Some of the drugs were within reach for the three-year-old child.

The State charged Grimm with possession of marijuana with intent to deliver, a tax stamp violation, child endangerment, and possession of a controlled substance (Vyvanse). The State brought related charges against a co-defendant, Ryan Hahn.[1] Hahn lived with Grimm but was absent when the search warrant was executed.

Grimm and Hahn filed a joint motion to suppress. The motion focused on the application for the search warrant. In it, deputies had described evidence they obtained from trash left outside of the residence.

---

[1] The charges against Hahn are not before us.

The motion conceded that warrantless searches of "garbage left out for collection" are valid.  But, it contended, "[t]his case is different in that the trash can was not located at or near the curb on a day designated for trash pickup."  Rather, "the trash can was located up near the house and not on a trash pick up day."  And so, the motion argued, the trash search had been invalid and, as a result, all evidence obtained through the search warrant was "Fruit of the Poisonous Tree."

After a hearing, the district court denied the motion.  The court explained:

> The parties do not dispute the existing law in this matter, but believe there is only a factual issue in regard to the location of the trash can.
>     The State called two witnesses, Sargent Daniel Furlong and Deputy Eric Burton, both of the Scott County Sheriff's Office.  The officers did the trash survey together on the evening of September 10, 2018.  The officers testified that the trash cans at [Grimm's residence], were located to the rear of the property along the alley way.  They testified that there were two cans located there on the grass, but could be reached by standing in the alley.  There was only one bag of garbage in the cans and it was removed by the officers.  The officers testified that they never left the alley to retrieve the trash cans and that the trash cans were not along a building or other structure, but free standing and appeared ready for pick up.  The cans [were] approximately [twenty] yard[s] from the house and not located next to the shed in the back yard.  The court found the officer's testimony as credible.  State's exhibits 6, 7, and 8 supported the distances and description of the property.  The officer's testimony was consistent and they were careful to answer exactly and admit when they could not remember [or] if they did not know the answer.
>     . . . Defendant Hahn called two witnesses.  He testified himself and called Chris Owens from the trash collecting company.  The defendant insisted that he did not leave the cans anywhere except next to the sliding glass back door except on trash pickup days. Owens testified that those days were September 8, 2018, and September 14, 2018.  Hahn testified that he promptly returned the cans to the back patio door within a few hours of collection.  He testified that on September 10, 2019, the cans were located next to the patio door.  The court did not find the defendant's testimony as credible.  Pictures on September 19, 2018, show that one can was located on the back patio of the home, but another was located near the shed on the rear of the property next to the alley.  September 19, 2018, was not a trash pickup day, so his testimony was inconsistent with photographic evidence on that date.

Given the location of the cans, abutting the alley and [accessible] from the alley, and the fact that [the trash] was not along any home or outbuilding, the court finds that the search was not subject to the search warrant requirement. The trash survey was conducted in an acceptable manner as allowed in the case law cited by both parties in their motion and resistance. Any scavenger or passerby would believe that the contents of the can were no longer private.

A jury found Grimm guilty as charged. The court imposed concurrent prison sentences, suspended the sentences, and ordered probation.

In this appeal, Grimm challenges only the court's denial of her motion to suppress. And the parties agree the case turns entirely on a factual issue: Did the deputies trespass onto Grimm's property to survey trash that had not been left out for collection? If so, the motion should have been granted. But if the deputies only surveyed trash that had been left out for collection, the motion was properly denied. *See State v. Henderson*, 435 N.W.2d 394, 396–97 (Iowa Ct. App. 1988) (holding where defendant "put opaque plastic bags in an area which they were customarily removed by trash collectors[,] . . . use of evidence obtained by searching the defendant's garbage did not intrude upon [defendant's] legitimate expectation of privacy and therefore, was properly considered by the magistrate in issuing a search warrant of the defendant's premises"); *see also State v. Skola*, 634 N.W.2d 687, 691 (Iowa Ct. App. 2001) ("We refuse to depart from the explicit holding in *Henderson* that warrantless garbage searches do not violate our state constitution.").

"We review the district court's denial of a motion to suppress on constitutional grounds de novo." *State v. Coleman*, 890 N.W.2d 284, 286 (Iowa 2017). "We examine the entire record and 'make an independent evaluation of the

totality of the circumstances.'" *State v. Brown*, 930 N.W.2d 840, 844 (Iowa 2019) (quoting *State v. Meyer*, 543 N.W.2d 876, 877 (Iowa 1996)). "Because the district court has a chance to assess witness credibility first hand, we defer to its factual findings." *State v. Stone*, No. 19-1429, 2020 WL 2988220, at *2 (Iowa Ct. App. June 3, 2020) (citing *In re Prop. Seized from Pardee*, 872 N.W.2d 384, 390 (Iowa 2015)). "But they are not binding on us." *Id.*

Following our de novo review, and giving appropriate deference to the district court's express credibility determinations, we conclude the deputies appropriately collected trash that had been left out for curbside collection. And so, consistent with the parties' framing of the issues, we conclude the district court properly denied Grimm's motion to suppress. We affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (e).

**AFFIRMED.**